UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Lakshmynarayanan T. Parameswaran, on behalf of himself and all others similarly situated

    Plaintiff

v.

Uma Mysorekar, Madhusudhan Rao, and The Hindu Temple Society of North America,

    Defendants

No. CV 05 3162

GLEESON, J.

POHORELSKY, M.J.

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUN 29 2005 ★
BROOKLYN OFFICE

**Verified Complaint**

Nature of the Action

1. This is a class-action seeking redress for violation of the Fair Labor Standards Act, 29 U.S.C. §201, et seq; New York Labor Law §§ 190 et seq and 650 et seq; and the common law, against the Hindu Temple Society of North America ("Temple"), and the individual defendants-supervisors. Defendants wilfully failed and refused to pay overtime in accordance with law, routinely requiring Plaintiff (Mr. Narayanan) and Class members to work well in excess of 65 hours a week, 6 days a week. Moreover, Defendants affirmatively misrepresented and concealed material facts concerning the terms and conditions of employment. Plaintiff seeks compensatory, liquidated, and punitive damages and attorneys' fees and expenses, and declaratory and injunctive relief for himself and the Class.

1

## Jurisdiction And Venue

2. This Court has jurisdiction pursuant to 28 U.S.C §1331 and 29 U.S.C. §216 (b). Supplemental jurisdiction exists over the state law claims under 28 U.S.C. §1367.

3. Venue is proper pursuant to 28 U.S.C. §1391 (b). Events giving rise to the claims herein occurred in large part within this Judicial District. The Temple has its principal offices within this District and all Defendants reside and/or do business in this District.

## Parties

4. Mr Narayanan has been, and continues to be, an employee of the Defendants from November 5, 2004.

5. The Temple is a not-for-profit, religious corporation under New York law with its principal offices at 45-57 Bowne Street, Flushing, New York 11355-2202.

6. At all relevant times, Defendant Mysorekar has claimed to be, and has acted as, the President of the Temple and the Chairman of its Board of Trustees.[1]

7. At all relevant times, Defendant Rao has claimed to be, and has acted as, the Chief Cook of the Temple.

---

[1] By an Order dated August 25, 2003, the New York Supreme Court, Appellate Division, Second Department, held that Defendant Mysorekar and her hand-picked Board of Trustees had no "legal right to their offices", but permitted them to continue in office until duly elected officers and trustees takeover. Venigalla v. Alagappan, 307 A.D.2d 1041 (2nd Dep't 2003). Under that order, elections for the Defendant Temple are now under way under the supervision of Justice Golia, Venigalla v. Alagappan, N.Y. Sup., Queens Co., Index No. 15676/2001. Meanwhile, Defendant Mysorekar and others continue as caretaker trustees and as such, continue to be in charge of the day-to-day operations.

2

8. All the individual Defendants are persons acting directly or indirectly in the purported interest of the Temple in relation to Mr. Narayanan and Class members. All the individual Defendants had direct or indirect control of Mr. Narayanan and Class members and/or the terms and conditions of employment. The individual Defendants had the power to hire and fire employees, and to decide the rate and method of payment, work schedules, maintenance of a employment records, and/or other terms and conditions of employment relating to Mr Narayanan. As such, each Defendant is an "employer" within the meaning of state and federal laws. N.Y. Lab. L. §190(3); 29 U.S.C. §203(d).

9. Defendants constitute an enterprise engaged in interstate commerce with annual gross sales well in excess of $500,000.

### Class Action Allegations

10. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b),[2] on behalf of a Class consisting of himself and all other persons who are or were employed at any time from June 29, 1999, as priests and/or cooks in the Temple, excluding Defendants, or any parent, subsidiary, affiliate, accountant, agent, attorney, employee, officer, representative, servant, and/or any person acting on behalf of the Defendant.

11. The Class is so numerous that joinder of all Class members is impracticable.

12. Plaintiff's claims are typical of the claims asserted on behalf of the Class.

---

[2] With respect to the claims under New York common law, Plaintiff also seeks to bring this action under Rule 23, Federal Rules of Civil Procedure, and Article IX, New York's Civil Practice Law and Rules, to the extent New York law confers substantive rights over and above that provided by federal laws.

3

13. Plaintiff does not have any interests that are adverse or antagonistic to those of the Class.

14. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff is committed to the vigorous prosecution of this action and has retained counsel competent and experienced in this type of litigation.

15. Individual damages of most Class members are likely to be relatively small and hence, the burden and expense of prosecuting litigation of this nature makes it unlikely that members of the Class would prosecute individual actions. And if they did, such individual prosecution would be impracticable as well as inefficient.

16. Plaintiff is not aware of any pending litigation concerning the claims herein.

17. This Court is the most appropriate forum for adjudicating the claims at issue, which arise under the federal law, and under statutory and common law of New York.

18. Plaintiff does not anticipate any difficulty in the management of this action as a Class action.

19. There are many questions of law and fact common to the Class which predominate over any questions which may affect individual members. The predominant common questions of law and fact include, among others:

    a. Whether Defendants are liable for violation of New York's Labor laws, including the Minimum Wage Act, N.Y. Lab. L. §§650-655?

    b. Whether Defendants are liable for violation of the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*?

c.  Whether Defendants are liable for Fraud;

    d.  Whether Defendants are liable for Negligent Misrepresentation;

    e.  Whether Defendants are liable for Unjust Enrichment;

    f.  Whether Defendants are liable for Quantum Meruit;

    g.  Whether Defendants are liable for Breach of the Implied Covenant of Good Faith and Fair Dealing;

    h.  Whether Plaintiff and the Class members are entitled to equitable and injunctive relief; and

    i.  Whether Plaintiff and the Class members are entitled to damages, and if so the measure of damages.

20. A Class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

21. Plaintiff seeks punitive and compensatory damages, together with reasonable attorneys' fees and expenses as permitted by law, on behalf of himself and the Class.

Factual Background

22. The Temple is one of the oldest Hindu Temples in North America. It is open to the public for 13 hours on weekdays, from 8:00 a.m. to 9:00 p.m. During weekends and during Hindu religious festivals, it is open for significantly longer hours.

23. Between 4,000 - 5,000 devotees visit the Temple every _week_; this number is over 10,000 during major festivals. Such devotees give the Temple significant sums towards payment for religious services performed by priests, and towards

purchase of food items prepared by cooks.

24. The Temple's gross revenues reportedly exceed $2 million annually. In large part, these revenues are generated through the efforts of cooks and priests.

25. The Temple employs several cooks and priests at any one time. The cooks (such as Mr. Narayanan) are religiously qualified and specially trained persons who prepare *"naivedyam"* (cooked offerings) for *nitya pooja* (daily rituals) as well as special *"prasadams"* of various kinds for Hindu festivals. Such *"naivedyam"* is offered minimum of twice a day, every day of the week. Moreover, large quantities of *"prasadams"* are distributed to devotees on weekends and festivals.

26. In addition, Defendants also undertake catering for private functions such as marriages or other functions. The Temple cooks are also required to cook all the requirements for such catering undertakings.

27. The cooks and priests are typically recruited by Defendants' representatives or agents in India through affirmatively false representations and/or concealment of material facts concerning the terms and conditions of employment, infra.

28. Defendants make each cook and priest work a minimum of 65 hours through six days, every week, with only one day off during normal times. During festival weeks, the hours worked are considerably higher.

29. Nevertheless, Defendants do not pay any overtime wages for the aforesaid work.

30. No reason exists for the Hindu Temple to function as a sweatshop or to permit such exploitative labor conditions, especially considering that it is well-established and collecting millions of dollars regularly.

## Facts Concerning Mr. Narayanan

31. Mr. Narayanan is a highly skilled, experienced religious cook. He has worked in major Temples in Singapore and in India, and has been uniformly appreciated and complimented for his performance and skills.

32. In Fall 2004, Defendants offered to hire Mr Narayanan as a cook in the Temple. In their Letter of Appointment dated September 22, 2004, Defendants set forth the terms and conditions of employment which read, in material part, as follows:

    (1) We shall provide you with airfare from Chennai to New York.
    (2) We shall provide you with fully furnished accommodation with utilities.
    (3) We shall offer you a health insurance.
    (4) We shall pay you a monthly honorarium of $1000.
    (5) This appointment will be for a period of two years, subject to renewal.
    (6) You will receive 12 working days leave per calendar year

33. Defendants' agent demanded and collected 50,000 Indian rupees (equivalent to about $1,200) from Mr. Narayanan in India towards airfare, which would be repaid to Mr. Narayanan in New York. However, Defendants never even offered to repay that amount until Mr. Narayanan complained about such non payment repeatedly. Upon information and belief, such amounts have been demanded and collected from every class member, and such amount have not been repaid to such class members. Most class members have limited knowledge of English language. They are also completely unaware of their rights under labor laws and New York common law. Thus, Class members were fraudulently induced to pay these amounts under false pretenses.

34. Moreover, Defendants never informed Mr. Narayanan, prior to his coming to the

United States, that

    a.    He would be required to work at least 65 hours every week on normal weeks, and <u>much</u> more in others;

    b.    He would not be paid any overtime for these excessive hours;

    c.    He would be required to work in two shifts, i.e., from about 5:30 a.m. to 9 p.m. everyday with a break of a few hours in the middle – time and workload permitting;

    d.    He would be required to work full time 6 days a week, instead of the customary 5 days;

    e.    His day off would be decided on an <u>ad hoc</u> basis by Defendants, so that it could vary from week to week;

    f.    Much of his work would involve non-religious, restaurant-type cooking of regular Indian food, not the "*prasadams*" or "*naivedyam*" of various kinds customary in Temples;

    g.    Much of his work would involve cooking for non-religious catering contracts for supplying regular Indian food outside the Temple; and

    h.    As a result of the inordinate work load, realistically, he would be unable to have any time for personal life.

35.    Defendants are, and have always been, well aware of the above facts. Routinely, they have concealed, and continue to conceal, these facts while recruiting employees from India. Most Temple cooks and priests are new entrants to the United States and as such, unaware of labor laws and regulations and readily vulnerable to these oppressive employment conditions. Moreover,

8

employees are constantly intimidated with verbal abuse, and with fear of instant dismissal and retaliation for any complaints. To squelch any possible dissent, Defendants routinely recruit employees only for short term contracts (1 or 2 years). Further, they actively discourage employees from fraternizing with devotees or otherwise having a social life so as to preclude the possibility of dissent. Not surprisingly, the Temple has a very high turnover of cooks and priests.

36. Unaware of the above facts, and reasonably relying upon Defendants, Mr. Narayanan accepted the employment offer and came to the United States. He commenced working for Defendants in November 2004.

37. Mr. Narayanan now seeks to end these oppressive and abusive employment practices, and seeks redress on a Classwide basis.

### Count I

(Federal Minimum Wage Violations)

38. Plaintiff incorporates the contents of the above paragraphs as if the same were set forth in extenso herein.

39. Defendants wilfully, knowingly, and intentionally failed to pay Plaintiff and members of the Class overtime pay of 1 ½ times their regular rate of pay for all hours worked in excess of 40 hours per week, in violation of 29 USC §207 (a).

40. Plaintiff and the Class are entitled to an award of damages for unpaid overtime, plus interest, together with attorneys' fees and expenses, in an amount to be determined at trial, 29 U.S.C. §216(b).

## Count II

### (Federal Liquidated Damages)

41. Plaintiff incorporates the contents of the above paragraphs as if the same were set forth in extenso herein.

42. Defendants' failure to pay Plaintiff and members of the Class overtime pay violated the Fair Labor Standards Act, 29 USC §§201 et seq.

43. Plaintiff and the Class are entitled to an award of liquidated damages, equal to 100% of the unpaid overtime wages in addition to the unpaid overtime wages, and attorneys' fees and expenses, pursuant to 29 U.S.C. §216(b), in an amount to be determined at trial.

## Count III

### (New York State Overtime Violations)

44. Plaintiff incorporates the contents of the above paragraphs as if the same were set forth in extenso herein.

45. Defendants wilfully failed to pay to Plaintiff and members of the Class overtime for all hours worked in excess of 40 hours per week in violation of New York Labor Law §§190 et seq and 650 et seq, and the Regulations and Orders of the New York State Department of Labor promulgated thereunder.

46. Plaintiff and the Class are entitled to an award of damages for unpaid overtime, plus interest, together with attorneys' fees and expenses, in an amount to be determined at trial, N.Y. Lab. L §663.1.

## Count IV

(New York State Spread of Hours Violations)

47. Plaintiff incorporates the contents of the above paragraphs as if the same were set forth in extenso herein.

48. Defendants failed to pay Plaintiff and members of the Class an extra hour of pay for every day when the interval between the beginning and end of the work day was greater than 10 hours. This was in violation of New York Labor Law §§190 et seq and 650 et seq, and the Regulations and Orders of the New York State Department of Labor promulgated thereunder, including N.Y.C.R.R. §137-1.7.

49. Plaintiff and the Class are entitled to an award of damages of an extra hour's pay plus interest, together with attorneys' fees and expenses, for every day worked in excess of ten hours, in an amount to be determined at trial, N.Y. Lab. L §663.1.

## Count V

(New York State Liquidated Damages)

50. Plaintiff incorporates the contents of the above paragraphs as if the same were set forth in extenso herein.

51. Defendants' wilful failure to pay Plaintiff and members of the Class overtime pay for work in excess of 40 hours per week and spread of hours violates New York Labor Law §§190 et seq and 650 et seq, and the Regulations and Orders of the New York State Department of Labor promulgated thereunder, including N.Y.C.R.R. §137-1.7.

52. Plaintiff and the Class are entitled to an award of liquidated damages of 25% of

unpaid overtime and spread of hours, in addition to the unpaid overtime wages and spread of hours pay, together with attorneys' fees and expenses, in an amount to be determined at trial, N.Y. Lab. L §663.1.

## Count VI

### (Quantum Meruit)

53. Plaintiff incorporates the contents of the above paragraphs as if the same were set forth in extenso herein.

54. Plaintiff and members of the Class performed services for Defendants in good faith; many Class members continue to do so even today. Defendants accepted those services. Defendants did not reasonably compensate Plaintiff and members of the Class for those services.

55. Plaintiff and members of the Class are entitled to an award in an amount being the excess of the fair market value of the services performed over the amount of compensation already received by Plaintiff and members of the Class, plus interest to be determined at trial.

## Count VII

### (Unjust Enrichment)

56. Plaintiff incorporates the contents of the above paragraphs as if the same were set forth in extenso herein.

57. Defendants benefitted at the expense of Plaintiff and members of the Class. Equity and good conscience require that Defendants be ordered to make restitution to Plaintiff and other Class members.

58. Defendants must not be permitted to take advantage of their own wrong and retain, collect, or continue denying Plaintiff and Class members their legitimate dues.

59. Defendants are liable to pay Plaintiff and other Class members compensatory and punitive damages in such amount as may be proven at trial, together with attorneys' fees and expenses and such other amounts as may be appropriate.

## Count VIII

### (Fraud)

60. Plaintiff incorporates the contents of the paragraphs hereinabove as if the same were set forth in extenso herein.

61. Defendants conducted a fraudulent scheme to entrap Plaintiff and Class members into working for them under oppressive conditions, with no overtime or other compensation to which Plaintiff and Class members were entitled. Defendants wilfully and knowingly made, or caused to be made, affirmative misrepresentations of material facts in furtherance of this scheme. They also wilfully and knowingly concealed material facts from Plaintiff and other Class members. Defendants knew the falsity of the misrepresentations at the time these misrepresentations were made. Defendants also knew the material nature of the facts that they willfully concealed from Class members, and that Defendants ought to have disclosed these facts at that time to the Class members. Defendants had superior knowledge not available to Plaintiff and other Class members; as such, they had the duty to disclose the facts. Plaintiff and other Class members relied upon Defendants's representations, and were

13

unaware of the falsity or misleading nature of the representations. Plaintiff and other Class members' reliance was reasonable under the circumstances. As a result of such reliance, Plaintiff and other Class members sustained damages.

62. By engaging in the conduct described above, Defendants committed a fraud upon Plaintiff and other Class members.

63. Moreover, Defendants' wanton conduct was systematic, in reckless disregard of their statutory and other duties, tantamount to criminal indifference to civil obligations, and unconscionable.

64. Defendants are therefore liable to pay Plaintiff and other Class members compensatory and punitive damages in such amount as may be proven at trial, together with attorneys' fees and expenses and such other amounts as may be appropriate. In addition, Plaintiff and the Class are also entitled to the equitable remedies of rescission, and injunctive and declaratory reliefs.

## Count IX

### (Negligent Misrepresentation)

65. Plaintiff incorporates the contents of the paragraphs hereinabove.

66. Defendants made or caused to be made, affirmative misrepresentations of material facts in furtherance of this scheme. They also concealed material facts from Plaintiff and other Class members. Defendants ought to have known the falsity of the misrepresentations. Defendants had superior knowledge not available to Plaintiff and other Class members; as such, they had the duty to disclose the facts. Plaintiff and other Class members relied upon Defendants's representations, and were unaware of the falsity or misleading nature of the

representations. Plaintiff and other Class members' reliance was reasonable under the circumstances. As a result of such reliance, Plaintiff and other Class members sustained damages.

67. By engaging in the conduct described above, Defendants committed the tort of negligent misrepresentation upon Plaintiff and other Class members.

68. Defendants are therefore liable to pay Plaintiff and other Class members damages in such amount as may be proven at trial, together with attorneys' fees and expenses and such other amounts as may be appropriate. In addition, Plaintiff and the Class are also entitled to injunctive and declaratory reliefs.

### Count X

(Breach of Implied Covenant of Good Faith and Fair Dealing)

69. Plaintiff incorporates the contents of the paragraphs hereinabove.

70. By their conduct aforesaid, Defendants breached the implied covenant of good faith and fair dealing underlying the employment contracts at issue. As a result of such breach, Plaintiff and the Class sustained damages.

71. Defendants are therefore liable to pay Plaintiff and other Class members compensatory damages in such amount as may be proven at trial, together with attorneys' fees and expenses and such other amounts as may be appropriate. In addition, Plaintiff and the Class are also entitled to the equitable remedies of injunctive and declaratory reliefs.

## Demand for Jury Trial

72. Plaintiff hereby demands a jury trial on all issues so triable.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, on each Count aforesaid:

a. Determining that the instant action be maintained as a Class action and that Mr. Narayanan is an adequate representative of the Class;

b. Issuing an order and injunction restraining Defendants from violating federal and state labor laws, 29 U.S.C. §201, et seq, and New York Labor Law §§ 190 et seq and 650 et seq, and the Regulations promulgated and Orders issued thereunder;

c. Awarding compensatory damages to Plaintiff and Class members for unpaid overtime pursuant to 29 U.S.C. §201, et seq, and New York Labor Law §§ 190 et seq and 650 et seq, in an amount to be determined at trial;

d. Awarding compensatory damages to Plaintiff and Class members for unpaid spread of hours wages pursuant to New York Labor Law §§ 190 et seq and 650 et seq, in an amount to be determined at trial;

e. Awarding liquidated damages to Plaintiff and Class members pursuant to 29 U.S.C. §216(b), and New York Labor Law §663 in an amount to be determined at trial;

f. Awarding compensatory and punitive damages to Plaintiff and Class members under New York law;

g. Awarding attorneys' fees and costs to Plaintiff pursuant to 29 U.S.C.

§216(b), and New York Labor Law §663 in an amount to be determined at trial;

h.     for such further and other reliefs as may be just and proper.

Dated:     New York, New York     **Chittur & Associates, P.C.**
June 29, 2005

*[signature]*

By: Krishnan Chittur, Esq. (KC9258)
The Lincoln Building 15th Floor
60 East 42nd Street 1501
New York, NY 10165
Tel: (212) 370-0447

Attorneys for Plaintiff and the Class

# VERIFICATION

Lakshmynarayanan T. Parameswaran, being duly sworn, hereby solemnly affirms and states as follows under penalties of perjury:

The factual contents of the Verified Complaint are true to my own knowledge, and the remaining contents are based upon legal advice and I believe the same to be true.

_____
Lakshmynarayanan T. Parameswaran

Solemnly Affirmed this

day of June 2005

_____
Notary Public

KRISHNAN CHITTUR
Notary Public, State Of New York
No. 02CH5029853
Qualified In Westchester County
My Commission Expires 07/05/06