UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

№ 05-CV-3162 (JFB)(VPP)

LAKSHMYNARAYANAN T. PARAMESWARAN,

Plaintiff,

VERSUS

UMA MYSOREKAR, MADHUSUDHAN RAO, AND
THE HINDU TEMPLE SOCIETY OF NORTH AMERICA,

Defendants.

Memorandum and Order
September 22, 2006

JOSEPH F. BIANCO, District Judge:

The Constitution mandates that federal courts exercise judicial restraint by only deciding cases in which there is a justiciable case in controversy, with parties on both sides who have an interest in the outcome of the case. If this Article III requirement is not met, then, no matter how interesting or significant the legal issue presented, the Court has no jurisdiction and is not permitted to proceed with the case. In this case alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law, plaintiff alleges that defendants failed to pay overtime and other compensation. Plaintiff has filed a motion for a preliminary injunction, and for leave to file a second amended complaint. Defendants have filed a motion to dismiss or, in the alternative, for summary judgment. During the briefing process, and prior to oral argument, plaintiff communicated to defendant, and eventually to the Court both in writing and on the record at a conference, a request to withdraw this action. Both parties, albeit for different reasons, ask this Court to continue this action, notwithstanding the sole plaintiff's withdrawal. For the reasons that follow, the pending motions are terminated, and this case is dismissed pursuant to Fed. R. Civ. P. 41(a)(2).

I. BACKGROUND

Plaintiff filed the instant complaint on June 29, 2005, on behalf of himself and others similarly situated. The case was assigned to the Honorable John Gleeson. On July 14, 2005, an amended complaint was filed. On July 27, 2005, defendants filed an answer. During this time, plaintiff's counsel wrote several letters to the Court seeking immediate injunctive relief from defendants' alleged violations of FLSA, alleged improper communications with purported class

members, and relief from other alleged violations by defendants. Plaintiff's request for injunctive relief to stop defendants' from improper communications was later withdrawn.

Based upon agreement between the parties and the Court, additional motions were filed and eventually referred by Judge Gleeson to Magistrate Judge Viktor V. Pohorelsky. On September 19, 2005, plaintiff filed a motion for a preliminary injunction, and for leave to file a second amended complaint. On October 21, 2005, defendants filed a motion to dismiss or, in the alternative, for summary judgment.

Thereafter, counsel for both sides wrote a series of letters to the Court discussing communications between the plaintiff and the named individual defendant, and between plaintiff and his counsel. Although there was apparently some initial disagreement between counsel about plaintiff's intentions, on or about November 17, 2005, plaintiff subsequently wrote the following to the Court:

> I Lakshmynarayanan Parameswaram want to withdraw the case that I had filed against the Hindu Temple, Uma Mysorekar, and Madhusudhan Rao. I have made this decision out of my free will without any influence or force. Kindly accept my withdrawal and help me in this matter.

(*See* Parameswaram Letter, dated November 12, 2006.) Magistrate Judge Pohorelsky held a conference on November 21, 2005, and plaintiff again stated on the record that he did not wish to pursue the action further. (*See* Minute Entry, Docket # 46.) Notwithstanding our adversarial system of justice, and the fact that there was only one side remaining in this case, plaintiff's counsel sought to continue this action.

Defendants submitted a letter brief in support of their position (at the time) that the Court should immediately dismiss this case because of plaintiff's withdrawal. (*See* Letter Brief, dated Dec. 1, 2005, Docket Entry # 47.) Plaintiff's counsel submitted a letter requesting permission to file another motion, this one for intervention and substitution of another plaintiff for Parameswaram. (*See* Letter, dated December 16, 2005, Docket Entry # 48.) Although plaintiff's counsel indicated his former client had been contacted by other potential "class members," and that counsel had been "retained" by two potential "class members," plaintiff's counsel intentionally did not file any opposition papers to defendants' motions. (*See* Letter, dated Dec. 16, 2005, Docket Entry # 49.)

Magistrate Judge Pohorelsky held oral argument on January 17, 2006. At oral argument, both parties reversed their respective positions with regard to continuing this case. Plaintiff's counsel argued that the Court should deny his motion for a preliminary injunction as moot because his former client had withdrawn. He also argued that defendants' motion should not be decided because he did not submit any opposition papers, and because his client had withdrawn. Finally, he asked the Magistrate Judge to "hold the case open" so other purported plaintiffs could "intervene."[1] (Oral Argument Tr. at 10.)

Defendants, for their part, also changed their position, and "strenuously oppose[d] a dismissal" because (1) the motion was one for summary judgment and both sides had submitted affirmations and/or affidavits, and (2) their position that their motion would be successful. (*Id.* at 11-12.)

---

[1] Since the date of oral argument, plaintiff's counsel has not submitted any names of potential plaintiffs.

2

On February 10, 2006, this case was reassigned to this Court. On February 28, 2006, and May 31, 2006, defendants submitted letters to the Court identifying recent decisions that they believe support their pending motions. On September 22, 2006, Judge Gleeson's referral of these motions was vacated by this Court.

II. DISCUSSION

The Supreme Court has "repeatedly recognized that what is required for litigation to continue is essentially identical to what is required for litigation to begin: There must be a justiciable case or controversy as required by Article III." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC)*, 528 U.S. 167, 212 (2000) (Scalia, J. dissenting) (collecting cases). "'Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Id.* (*quoting Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "It has long been settled that a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology of California v. U.S.*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)); *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). "For that reason, if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed." *Church of Scientology*, 506 U.S. at 12 (quoting *Mills*, 159 U.S. at 653).

The United States Constitution requires, "at an irreducible minimum," "the party who invokes the court's authority to 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.'" *Jaghory v. N.Y. Dep't of Ed.*, 131 F.3d 326, 330 (2d Cir. 1997) (quoting *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982) (quoting *Gladstone, Realtors v. Vill. of Bellwood*, 441 U.S. 91, 99 (1979)). As the party who initiated this action no longer wishes to continue, there is necessarily no actual or threatened injury, and this case must be dismissed.

Defendants ask this Court to give what amounts to an advisory opinion, as to whether the ministerial exception doctrine to labor laws and the Religious Freedom Restoration Act require that this case be dismissed with prejudice for a lack of subject matter jurisdiction. "Because the requirement of a continuing case or controversy derives from the Constitution . . ., it may not be ignored when inconvenient." *Friends of the Earth, Inc.* 528 U.S. at 212 (Scalia, J. dissenting) (internal citations omitted); *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116 (1920) (moot question cannot be decided, "[h]owever convenient it might be"). Apparently, defendants believe they have submitted a meritorious motion. (*See* Tr. at 10-13.) Plaintiff has not submitted an opposition. Of course, this is not surprising, as plaintiff has decided not to proceed with this action. Hence, neither the Court, nor defendants, have the benefit of what is so great about our adversarial system – two sides, vigorously arguing their respective positions to the Court. The Court declines to accept defendants' invitation to consider the pending substantive motions.

Further, plaintiff's counsel's request, that this Court hold the case open while he attempts to locate other plaintiffs, is also rejected. Although this case was filed on behalf of plaintiff and others similarly situated, it has not been certified as a class

3

action. In addition, although plaintiff's counsel makes reference to other potential class representatives, none has surfaced up to this time. Moreover, as Magistrate Judge Pohorelsky noted in oral argument, if another plaintiff with similar claims seeks plaintiff's counsel's representation, another action can be filed. Hence, the Court declines to stay or otherwise hold this action in abeyance to allow plaintiff's counsel opportunity to find another client.

The Court next considers whether to dismiss this action with or without prejudice. An action may be dismissed for voluntary withdrawal by court order according to the dictates of Rule 41(a)(2), which specifies:

> [A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

FED. R. CIV. P. 41(a)(2). Generally, a district court may exercise its discretion to dismiss an action pursuant to Rule 41(a)(2) "if the defendant will not be prejudiced thereby." *Correspondent Services Corp. v. First Equities Corp. of Fla.*, 338 F.3d 119, 126 (2d Cir. 2003) (quoting *Wakefield v. N. Telecom, Inc.,* 769 F.2d 109, 114 (2d Cir. 1985)). Factors relevant to the exercise of the court's discretion include: "[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." *Catanzano v. Wing*, 277 F.3d 99, 109-110 (2d Cir. 2001) (citing *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)). The Court examines each of these factors in turn.

First, the Court finds that plaintiff was sufficiently diligent in seeking withdrawal from this case. The Court is satisfied, based on a review of the various letters by counsel, and the letter from plaintiff, that plaintiff diligently informed the Court, in writing, and at a conference, of his desire to withdraw this action. With respect to the second factor, there is nothing in the record to suggest, nor has either party argued, that plaintiff's conduct has been vexatious. Third, although the case has been pending for over a year, and the motion filed by defendants is filed as a motion to dismiss, or in the alternative, one for summary judgment, this factor does not weigh in favor of defendants. *See U.S. Underwriters Ins. Co. v. United Pacific Assoc., LLC*, No. 05-CV-1012 (JFB), 2006 WL 2038507, at *3 (E.D.N.Y. July 19, 2006). There has been no discovery, and no real activity in this case since January 2006. Although there have been several letters submitted to the Court, the case has not progressed far. *See, e.g., Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990) ("[R]easonable caution is needed to be sure that mooted litigation is not pressed forward . . . solely in order to obtain reimbursement of sunk costs."). The fourth factor also favors plaintiff. The Court does not find that defendants would face significant costs if they were forced to relitigate this case in the future. *Id.* Indeed, defendants' position that there is no subject matter jurisdiction under FLSA would presumably allow them to simply re-file this motion in a later proceeding. Finally, the reason for dismissing this action favors

plaintiff. Plaintiff has unequivocally indicated a desire to withdraw. Counsel may disagree with that decision, but it is plaintiff's decision whether to proceed, and he has chosen to withdraw.

Accordingly, the Court finds that this case should be dismissed without prejudice. The Court notes that pursuant to Fed. R. Civ. P. 41(d), if the plaintiff in this action commences another action that is based on these claims, the Court may consider making an order for the payment of costs of the previously dismissed action. *See* FED. R. CIV. P. 41(D).

### III. CONCLUSION

For the foregoing reasons, both parties' motions are terminated and this case is dismissed pursuant to Fed. R. Civ. P. 41(a)(2), without prejudice and without costs. The Clerk of the Court is directed to close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: September 22, 2006
Central Islip, NY

\* \* \*

Plaintiff is represented Krishnan Shanker Chittur, Esq., Chittur & Associates, P.C., The Lincoln Building, 60 East 42nd Street, Suite 1501, New York, NY 10165. Defendants are represented by Robert L. Greene, Esq., 67 Wall Street, Suite 2200, New York, NY 10005, and Steven C. Stern, Esq., Miranda & Sokoloff, LLP, 240 Mineola Blvd., The Esposito Building, Mineola, NY 11501.